**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1470**

RATNA TRIWAHYUNI SURI,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-197-180)

Submitted: November 14, 2007     Decided: December 10, 2007

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Germaine Wright Sobral, MONTAGUT & SOBRAL, P.C., Falls Church, Virginia, for Petitioner. Anh-Thu P. Mai, Peter H. Matson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ratna Triwahyuni Suri, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's decision, which denied her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Suri first argues that the Board and immigration judge erred in concluding that her asylum application was time-barred. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the recent passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases); see also Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007). Given this jurisdictional bar, we cannot review the underlying merits of Suri's asylum claim.

Suri also contends that the Board and immigration judge erred in denying her request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); see 8 C.F.R. § 1251(b)(3) (2007). Based on our review of the

- 2 -

record, we find that Suri failed to make the requisite showing before the immigration court.  We therefore uphold the denial of her request for withholding of removal.

Additionally, although Suri claims that she is entitled to a derivative grant of withholding of removal as the spouse of an alien who has been granted withholding, we have clearly held that "the statute permitting withholding of removal does not encompass derivative withholding claims, that is, claims for withholding of removal based on persecution to another person; instead, an alien seeking withholding of removal must establish that they will suffer harm if removed."  Niang, 492 F.3d at 513.  To the extent that Suri argues that she is entitled to a derivative grant of withholding of removal based on the potential persecution of her daughter in Indonesia, we find that this claim is also foreclosed by Niang. See also In re A-K-, 24 I. & N. Dec. 275 (B.I.A. 2007) (holding that an alien may not establish eligibility for asylum or withholding of removal based solely on fear that his or her daughter will be harmed by being forced to undergo female genital mutilation upon returning to the alien's home country).[1]

_____

[1]Additionally, Suri requests that we remand her case to the Board for consideration of a humanitarian grant of asylum based on her fear that her daughter will suffer female genital mutilation. Because she failed to raise this claim before the Board, we lack jurisdiction to consider it.  See 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right."); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004) (holding that we lack jurisdiction to consider an argument that was

Accordingly, we deny the petition for review.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

not raised before the Board).

[2]In her brief before this court, Suri has failed to raise any challenges to the denial of her request for protection under the Convention Against Torture.  We therefore find that she has waived appellate review of this claim.  See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).